IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PHILLIP HILL, § | |
| § | |
| *Plaintiff,* § | |
| § | **CIVIL ACTION NO. 4:22- cv-01069-O** |
| v. § | |
| LAKEVIEW LOAN SERVICING, LLC and § | |
| LOANCARE, § | |
| § | |
| *Defendants.* § | |

**DEFENDANTS LAKEVIEW LOAN SERVICING, LLC'S AND LOANCARE, LLC'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION**

Defendants Lakeview Loan Servicing, LLC ("Lakeview") and LoanCare, LLC ("LoanCare") (Lakeview and LoanCare are collectively referred to herein as "Defendants") hereby submit their brief in support of their Motion to Dismiss ("Motion") Plaintiff Phillip Hill's ("Plaintiff") Original Petition ("Complaint"), and would respectfully show the Court as follows:

**I.**

**INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff's claims pertain to his alleged attempt to refinance a home loan that he obtained in February, 2021 to purchase the real property commonly known as 2931 Spring Lake Drive in Grand Prairie, Texas. According to Plaintiff, Lakeview "preapproved" him for a "loan refinance" in "August, 2021" but then denied his refinance application on "October 21, 2021." Plaintiff contends that his refinance application was denied because "LoanCare reported delinquent or late payments." *See* Complaint, p. 1.

Plaintiff alleges that Lakeview is in a "contractual relationship" with him and breached the alleged contract when it "failed to inquire, fix, or otherwise correct the misreporting by their mortgage loan servicer, LoanCare." *See* Complaint, p. 8, ¶ 30. In the alternative, Plaintiff contends that Defendants negligently "managed the mortgage account of the Plaintiff" by

"repeated misreporting done by LoanCare." Complaint, p. 8, ¶ 33-34. Plaintiff's claim for fraud against Lakeview is premised on his allegation that "Defendants used his payment history to deny him a refinance of his mortgage at a lower interest rate so that they could keep it the same." *See* Complaint, p. 9-10, ¶ 49. Finally, Plaintiff contends that Lakeview violated the Real Estate Settlement Procedures Act ("RESPA") by "not fully complying with the RESPA request and supplying a life of the loan payment history for the account." *See* Complaint, p. 10, ¶ 62.

Plaintiff's claims fail, and must be dismissed, for the following reasons:

1. Plaintiff's claim for breach of contract against Lakeview fails because he: (a) fails to allege any specific breach of any contract between Lakeview and Plaintiff; (b) fails to allege that he performed under the alleged contract at issue; and (c) fails to allege that he has suffered any specific damages as a result of the alleged breach by Lakeview.

2. Plaintiff's claim for negligence against Defendants fails because: (a) in the mortgage context, there is no special relationship between a mortgagor and a mortgagee that could give rise to the type of duty alleged by Plaintiff; (b) Plaintiff fails to allege how Defendants breached any alleged duty to him; (c) Plaintiff fails to allege any specific damages as a result of the alleged breach; and (d) Plaintiff's claim is barred by the economic-loss doctrine.

3. Plaintiff's claims for fraud against Lakeview fail because he: (a) fails to allege that Lakeview made a material representation regarding an existing fact and further fails to allege that such representation regarding an existing fact was false; (b) fails to allege that Lakeview made a misrepresentation with the intent that it be acted upon; (c) fail to allege any specific injury suffered as a result of the alleged reliance; and (d) fails to allege that any alleged injury that he suffered was proximately caused by the alleged misrepresentation.

4. Plaintiff's claim for violation of RESPA by Lakeview fails because he: (a) fails to identify a breach of any provision of RESPA; (b) fails to allege how Defendant breached a provision of RESPA; and (c) fails to allege any actual damages.

5. Plaintiff cannot recover damages against Defendants because they fail to plead a single claim upon which relief can be granted against Defendants. Moreover, he fails to provide any specific calculation of his alleged damages.

Based on the foregoing, and as argued in further detail below, Plaintiff's claims against Defendants must be dismissed, with prejudice.

## II.

## LEGAL STANDARD

FRCP 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs

"have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the Plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs.*, 343 F.3d at 725. It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

## III.
## ARGUMENT AND AUTHORITIES

### A.     Plaintiff's Claim for Breach of Contract Fails to State a Claim Upon Which Relief Can be Granted Against Lakeview.

Under Texas law, a plaintiff alleging breach of contract must show (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages by the plaintiff resulting from that breach. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016). In order to prevail on his breach of contract claim, a plaintiff must plead and prove that he performed, or tendered performance, under the contract. *Id.* Moreover, under Texas law, to prevail on a breach of contract claim, a plaintiff must show, among other things, that he suffered damages as a result of the alleged breach of the loan contract. *See Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).

Here, Plaintiff fail to allege any specific breach of any contract between Plaintiff and Lakeview. Rather, his allegations are entirely conclusory, namely that "Plaintiff and…Lakeview are in a contractual relationship" and "Lakeview breached its contract with him when it "failed to

inquire, fix, or otherwise correct the misreporting by their mortgage loan servicer, LoanCare." *See* Complaint, p. 8, ¶ 28-30. Plaintiff fails to identify the contract in question with any specificity whatsoever, fails to allege the provision of the contract that Lakeview breached, fails to allege that he complied with the alleged contract, and fails to allege that he suffered any specific damages as a result of any alleged breach by Lakeview. *See Villarreal*, 814 F.3d at 767; *Lewis*, 2018 WL 3544797, at *2. Therefore, his claim for breach of contract fails to state a claim upon which relief can be granted against Lakeview and must be dismissed.

### B. Plaintiff's Claim for Negligence Fails to State a Claim Upon Which Relief Can be Granted Against Defendants.

"Duty is the threshold inquiry in a negligence claim." *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex. 1995). "If there is no legal duty, liability for negligence cannot exist." *See Thapar v. Zezulka,* 994 S.W.2d 635, 637 (Tex. 1999). "In the mortgage context, there is no special relationship between a mortgagor and a mortgagee, or between a servicer and a borrower, that would impose an independent common law duty…" *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 585 (N.D. Tex. 2013); *see also Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2013) (negligence and gross negligence claims failed because "under Texas law, there is 'no special relationship between a mortgagor and mortgagee' that would give rise to a stand-alone duty"). Consequently, Plaintiff cannot state a claim for negligence premised on any common law duties as a matter of law.

As with his claim for breach of contract, Plaintiff's allegations are entirely conclusory. Plaintiff alleges that "Defendants owed a duty of reasonable care when servicing, handling, or otherwise managing the mortgage account of the Plaintiff" and "[t]his duty was breached by repeated misreporting done by LoanCare." *See* Complaint, p. 8, ¶ 33-34. However, in the mortgage context, there is no special relationship between a mortgagor and a mortgagee, or between a servicer and a borrower, that would impose an independent common law duty. Moreover, even if such a duty existed, Plaintiff alleges "mishandling" rather than a specific breach, and fails to allege any specific damages as a result of the alleged breach. Therefore, the Court should dismiss Plaintiff's negligence claim because he fails to plead facts that could

plausibly establish each required element of the claim. *See, e.g.*, *Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (stating that it is a basic pleading requirement to allege facts that plausibly establish *each* required element for *each* legal claim).

### C. Plaintiff's Claims for Fraud Fail to State a Claim Upon Which Relief Can be Granted Against Lakeview.

In Texas, common law fraud may consist of an affirmative misrepresentation or, in certain circumstances, the concealment or non-disclosure of a material fact. To recover for fraud, a plaintiff must establish that:

(1) the defendant made a material representation concerning an existing fact;
(2) the representation was false when it was made;
(3) the speaker knew the misrepresentation was false, or made it recklessly without knowledge of its truth and as a positive assertion;
(4) the speaker made the misrepresentation with the intent that it should be acted upon;
(5) the plaintiff acted with justifiable reliance on the misrepresentation; and
(6) the plaintiff suffered injury as a result.

*D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 218 (5th Cir. 2018); *Harris Cty. Tex. v. MERSCORP Inc.*, 791 F.3d 545, 558 (5th Cir. 2015); *Massey v. EMC Mortg. Corp.*, 546 F. App'x 477, 481 (5th Cir. 2013); *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir.), *cert. denied*, 558 U.S. 873 (2009); *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011). "Fraud is never presumed, and it is Plaintiff's burden to allege and prove actionable fraud." *William B. Roberts, Inc. v. McDrilling Co.*, 579 S.W.2d 335, 339 (Tex. Civ. App.—Corpus Christi 1979, no writ); *accord Priddy v. Rawson*, 282 S.W.3d 588, 598 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

To constitute fraud, a misrepresentation must concern a material fact. *Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*, 88 F.3d 347, 359 (5th Cir. 1996), *cert. denied*, 519 U.S. 1078 (1997) (quoting *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 276 (Tex. 1995)); *see N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 474 (5th Cir. 2018) (stating

that fraud requires a "material representation" and that " '[m]aterial' means a reasonable person would attach importance to and would be induced to act on the information in determining his choice of actions in the transaction in question"); *Kwik Indus., Inc. v. Rock Prairie Holdings, Ltd.*, No. 05-13-00054-CV, 2015 WL 1449902, at *8 (Tex. App.—Dallas Mar. 30, 2015, no pet.). It is well established under Texas law that "a pure expression of opinion will not support an action for fraud." *Faircloth*, 898 S.W.2d at 276 (citing *Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex. 1983) ); *see Clardy Mfg. Co.*, 88 F.3d at 359; *Presidio Enters., Inc. v. Warner Bros. Distrib. Corp.*, 784 F.2d 674, 678-79 (5th Cir. 1986); *Prudential Ins. Co. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 160, 163 (Tex. 1995). "Whether a statement is an actionable statement of 'fact' or merely one of 'opinion' often depends on the circumstances in which a statement is made." *Italian Cowboy Partners, Ltd.*, 341 S.W.3d at 338 (quoting *Faircloth*, 898 S.W.2d at 276); *In Interest of Ja.D.Y.*, No. 05-16-01412-CV, 2018 WL 3424359, at *3 (Tex. App.—Dallas July 16, 2018, no pet.). "Among the relevant circumstances are the statement's specificity, the speaker's knowledge, the comparative levels of the speaker's and the hearer's knowledge, and whether the statement relates to the present or the future." *Faircloth*, 898 S.W.2d at 276 (citing *Trenholm*, 646 S.W.2d at 930; *Safety Cas. Co. v. McGee*, 127 S.W.2d 176, 178 (Tex. 1939)); *Kwik Indus., Inc.*, 2015 WL 1449902, at *6.

A plaintiff asserting common law fraud must prove the materiality of the alleged misrepresentation. *See Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014); *Nissan Motor Co., Ltd. v. Armstrong*, 145 S.W.3d 131, 149 n.79 (Tex. 2004) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)); *Trenholm*, 646 S.W.2d at 931. A statement is material "if a reasonable person would attach importance to and be induced to act on the information." *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd.*, 607 F.3d 1029, 1032 (5th Cir. 2010).

Even if material, however, "[a] statement is not fraudulent unless the maker knew it was false when he made it or made it recklessly without knowledge of the truth." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 526 (Tex. 1998) (citing *Prudential Ins. Co. v. Jefferson Assocs.*, 896 S.W.2d 156, 163 (Tex. 1995); *Stone v. Lawyers Title Ins. Corp.*,

554 S.W.2d 183, 185 (Tex. 1977)); *JIK Cayman Bay Exch. LLC v. Medina*, No. 05-16-01176-CV, 2018 WL 2045068, at *3 (Tex. App.—Dallas May 2, 2018, no pet.). To prevail on a common law fraud claim, the plaintiff must show that the defendant had an intent to mislead. *Dirty Dudds Cleaners, LLC v. CCA of Tenn., LLC*, No. SA-16-CV-1227-XR, 2018 WL 456030, at *5 (W.D. Tex. Jan. 16, 2018); *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 241 F. Supp. 3d 737, 76 (N.D. Tex. 2017); *Formosa Plastics Corp. USA*, 960 S.W.2d at 48 (citing *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986); *Stanfield v. O'Boyle*, 462 S.W.2d 270, 272 (Tex. 1971)). Indeed, a "statement of value may be actionable if the speaker knows it is false." *Faircloth*, 898 S.W.2d at 276 (citing *Tex. Indus. Tr., Inc. v. Lusk*, 312 S.W.2d 324, 326 (Tex. Civ. App.—San Antonio 1958, writ ref'd)).

To recover on a fraudulent representation claim, "the plaintiff must show that it actually relied on the defendant's representation and, also, that such reliance was justifiable." *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018); *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010) ("Both fraud and negligent misrepresentation require that the plaintiff show actual and justifiable reliance."); *accord Lewis v. Bank of Am. NA*, 343 F.3d 540, 546-47 (5th Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004); *CBH Equity, LLC v. Murphy Oil USA, Inc.*, No. 2:15-CV-137, 2018 WL 3647087, at *3 (S.D. Tex. Aug. 1, 2018). "A plaintiff establishes reliance by showing that the defendant's acts and representations induced it to either act or refrain from acting, to its detriment." *Van Marcontell v. Jacoby*, 260 S.W.3d 686, 691 (Tex. App. —Dallas 2008); *see JPMorgan Chase Bank, N.A.*, 546 S.W.3d at 648. Justifiable reliance consists of two elements: (1) the plaintiff must in fact rely on the information; and (2) the reliance must be reasonable. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 501-02 (5th Cir. 2000); *Scottish Heritable Tr., PLC v. Peat Marwick Main & Co.*, 81 F.3d 606, 615 (5th Cir.), *cert. denied*, 519 U.S. 869 (1996); *Fustok v. UnitedHealth Grp., Inc.*, No. 12-cv-787, 2013 WL 2189874, at *4 (S.D. Tex. May 20, 2013); *Nwankpa v. Obilom*, No. 03-16-00239-CV, 2017 WL 3902605, at *2 (Tex. App.—Austin Aug. 24, 2017, no pet.). The reasonableness of the Plaintiff's reliance is assessed in view of the "individual['s] characteristics, abilities, and

appreciation of facts and circumstances at or before the time of the alleged fraud." *Clardy Mfg. Co.*, 88 F.3d at 360; *accord Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 906 (5th Cir. 2002), *cert. denied*, 538 U.S. 1034 (2003); *In re Enron Corp. Sec.*, Nos. H-01-3624, G-03-0481, 2010 WL 9077875, at *4 (S.D. Tex. Jan. 19, 2010). In addition, "the justifiableness of the reliance is judged in light of the Plaintiff's intelligence and experience." *Nunn, Yoest, Principals & Assocs., Inc. v. Union Pac. Corp.*, 69 F. App'x 658, 2003 WL 21356004, at *2 (5th Cir. 2003) (quoting *Scottish Heritable Tr., PLC*, 81 F.3d at 615).

Moreover, the plaintiff must show that her injury was proximately caused by the alleged misrepresentation or nondisclosure to recover consequential damages or that "the harm 'result[ed] directly and naturally' from the fraud" to recover general damages. *Blue Gordon, C.V. v. Quicksilver Jet Sales, Inc.*, 444 F. App'x 1, 10-11 (5th Cir. 2011) (quoting *Scott v. Sebree*, 986 S.W.2d 364, 371 (Tex. App.—Austin 1999, pet. denied)); *see Emps. Ret. Sys. of Tex. v. Putnam, LLC*, 294 S.W.3d 309, 316-17 (Tex. App.—Austin 2009, no pet.).

Here, Plaintiff: (a) fails to allege that any misrepresentation made by Lakeview was material; (b) fails to allege that Lakeview either knew that any alleged misrepresentation was false or make it recklessly without knowledge of its truth and as a positive assertion; (c) fails to allege that Lakeview intended that Plaintiff act on any alleged misrepresentation; (d) fails to allege that Plaintiff justifiably relied on any alleged misrepresentation; and (e) fails to allege any specific damages that Plaintiff suffered as a result.

Therefore, Plaintiff's claim against Lakeview for fraud should be dismissed.

### D. **Plaintiff's RESPA Claim Fails to State a Claim Upon Which Relief Can be Granted Against Lakeview.**

To recover on a RESPA claim, a claimant must show that actual damages resulted from a RESPA violation. § 2605(e), (f). *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014) ("To recover, a claimant must show that actual damages resulted from a RESPA violation.").

The cost of sending an initial request for information is not a cost to the borrower "as a result of the failure" to comply with a RESPA obligation. *See* 12 U.S.C. § 2605(f)(1)(A). At the

time the request is sent, and the postage cost incurred, no RESPA violation has occurred, nor will one necessarily occur. The servicer may adequately respond to the request, or it may not, but the postage cost to the borrower is the same in both instances. A cost that is incurred whether or not the servicer complies with its obligations is not a cost that is caused by, or "a result of," the failure to comply. *Baez v. Specialized Loan Servicing, LLC*, 709 F. App'x 979, 983 (11th Cir. 2017).

Plaintiff alleges that Lakeview violated "RESPA through failing to comply with RESPA requests made by Plaintiff." *See* Complaint, p. 11, ¶ 56. Plaintiff further alleges that "he requested information related to a RESPA request" but that the "request was ultimately deficient because the Plaintiff did not receive a payment history for his loan account." *See* Complaint, p. 12, ¶ 58-59. However, Plaintiff does not allege a violation of any specific provision of RESPA or allege any actual damages resulting from a RESPA violation. As such, Plaintiff's claim for violation of RESPA must be dismissed.

### E.      Plaintiff is Not Entitled to Damages.

Plaintiff cannot recover damages against Defendant because he fails to plead a single claim upon which relief can be granted against Defendants.

### F.      Dismissal with Prejudice is Appropriate.

Although "a court should freely give [a party] leave" to amend pleadings "when justice so requires," FRCP 15(a), a court should deny leave to amend when the amendment, if granted, will be futile. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). To determine futility, the Fifth Circuit considers whether an amendment could survive a motion to dismiss under FRCP 12(b)(6); if an amendment would fail to state a claim upon which relief could be granted, the court may deny leave to amend. *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003) (stating "because . . . the proposed amended complaint could not survive a Fed. R. Civ. P. 12(b)(6) motion" allowing plaintiff "to amend the complaint would be futile").

Here, Plaintiff's claims all fail as a matter of law and leave to amend would be futile. Therefore, the Court should dismiss Plaintiff's claims against Defendants, with prejudice.

IV.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court dismiss Plaintiff's claims against them, with prejudice, because he fails to state any claim upon which relief can be granted against Defendants.

Date:  December 8, 2022                          Respectfully submitted,

                                          MALCOLM ♦ CISNEROS,
                                          A Law Corporation

                                          /s/ *Nathan F. Smith*
                                          NATHAN F. SMITH
                                          Texas Bar No. 24094355
                                          9330 LBJ Freeway, Suite 900
                                          Dallas, TX 75243
                                          Phone: (949) 252-9400
                                          Fax: (949) 252-1032
                                          Email: nathan@mclaw.org
                                          *Attorneys for Defendants*

**LOCAL COUNSEL:**
TRAVIS H. GRAY
Texas Bar No. 24044965
JACK O'BOYLE & ASSOCIATES
P.O. Box 815369
Dallas, TX 75381
Phone: (972) 247-4451
Fax: (972) 247-0642
Email: travis@jackoboyle.com

## **CERTIFICATE OF SERVICE**

On December 8, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2) via the court's NEF system on the following:

Travis H Gray
travis@jackoboyle.com

C Daniel Herrin
danielherrin@gmail.com, herrinlawpllc@jubileebk.net, daniel@herrinlaw.com

Nathan Frederick Smith
nathan@mclaw.org


*/s/ Christina Valenzuela*
Christina Valenzuela
An employee of MALCOLM ♦ CISNEROS, ALC