IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PHILLIP HILL, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  4:22-cv-01069-O |
| | § | |
| LAKEVIEW LOAN SERVICING, LLC, et al., | § | |
| | § | |
| | § | |
|    Defendants. | § | |

## ORDER and OPINION

Before the Court are Defendants Lakeview Loan Servicing, LLC and LoanCare's Motion to Dismiss (ECF No. 4), filed December 8, 2022; Plaintiff Phillip Hill's Response (ECF No. 7), filed December 28, 2022; and Defendants' Reply (ECF No. 10), filed January 11, 2023. For the reasons contained herein, the Motion is hereby **GRANTED in part** and **DENIED in part**.

**I.**     **Factual Background[1]**

Plaintiff Phillip Hill brings this lawsuit against Defendants Lakeview Loan Servicing, LLC and LoanCare. LoanCare was the original servicer of Plaintiff's home loan, and Lakeview was the original mortgage holder.

Sometime in August of 2021, Defendant Lakeview contacted Plaintiff and offered to refinance Plaintiff's home. Purportedly, Lakeview stated that Plaintiff was preapproved for the refinance based on his payment history, and that, therefore, they could offer a refinance on

---

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiff's Original Petition. *See* Pl.'s Orig. Pet., ECF No. 1. At this stage, these facts are taken as true and viewed in the light most favorable to the plaintiff. *See Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

Plaintiff's home loan to lower the interest rate to 2.5%. His interest rate at the time was 3%, so this was a 0.5% decrease.

During the final stages of the refinancing process, Plaintiff was told that Lakeview would be using Plaintiff's payment history on the loan (as provided by LoanCare), and not his credit score, to determine his eligibility for obtaining the refinance. Plaintiff's refinance application was then denied, with Lakeview pointing to LoanCare's payment history for Plaintiff as the reason for the denial.

Months prior to Plaintiff submitting his refinance application, Plaintiff noticed some discrepancies on his loan payment history. He states he confronted Lakeview and LoanCare to cure the misapplied payments on his mortgage account. Plaintiff made bi-weekly or installment payments, which would total the entire monthly mortgage statement for each respective month. Plaintiff states that LoanCare's system misapplied Plaintiff's payments, many times marking them for principal, and showing either late or non-payment on Plaintiff's account.

Plaintiff contacted one of LoanCare's representatives to explain the situation. The representative explained that LoanCare's system was ill-equipped to handle how Plaintiff was making his payments. To fix the problem, Plaintiff began making full payments each month, rather than the bi-weekly installments. However, Plaintiff's payments then started being reported as late, although Plaintiff avers that nothing in his payment history shows him ever being late or missing a payment. These reporting errors, Plaintiff states, resulted in his refinance application being denied. Plaintiff brought these errors to Lakeview's attention when the application was denied, but purportedly both Defendants argued that if any mistakes occurred, it was the other's fault and that there was nothing that could be done.

As a result of Defendants' application denial and the corresponding delay, Plaintiff states he was "out of options" to refinance his loan, which would have saved him thousands of dollars.[2] Plaintiff then hired Herrin Law, PLLC to draft and send a Qualified Written Request ("QWR") to the Defendants. Within the QWR, counsel for Plaintiff asked for payment history and other information concerning the mortgage loan. Counsel further directed the Defendants to the error on the misapplication of payments and outlined the reasons for the denial of Plaintiff's refinance application. On April 11, 2022, LoanCare sent a response to the QWR stating: "We have no record of reporting the account delinquent since the account has been under our case. The account reflects current and next due for the May 1, 2022 payment."[3]

Plaintiff filed the present lawsuit in the 17th District Court of Tarrant County, Texas on October 28, 2022.[4] Defendants removed the lawsuit to federal court on December 2, 2022.[5] Defendants filed their motion to dismiss on December 8, 2022.[6] Plaintiff filed his response on December 28, 2022.[7] Defendants filed their reply on January 11, 2023.[8] The motion is now ripe for the Court's review.

## II.     Legal Standard

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[2] Plaintiff states that other mortgage lenders were willing to refinance Plaintiff's home loan for the same 2.5% interest rate.
[3] In the facts, Plaintiff does not specify whether Lakeview responded to his QWR.
[4] *See* Pl.'s Orig. Pet., ECF No. 1.
[5] Not. of Removal, ECF No. 1.
[6] Defs.' Mot., ECF No. 4.
[7] Pl.'s Resp., ECF No. 7.
[8] Defs.' Reply, ECF No. 10.

*Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (cleaned up). A court may not accept legal conclusions as true. *Id.* at 678–79. When well-pleaded factual allegations are present, a court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. Analysis

#### A. Breach of Contract

Plaintiff first brings a claim for breach of contract against Defendant Lakeview.[9] Plaintiff contends that he and Lakeview were "in a contractual relationship wherein [Plaintiff] entered into an agreement . . . with Lakeview in order to refinance a home."[10] Lakeview argues that Plaintiff's breach of contract claim must be dismissed because (1) Plaintiff fails to allege any specific breach of any contract between Plaintiff and Lakeview; (2) Plaintiff fails to allege that he complied with

---

[9] Pl.'s Orig. Pet. ¶¶ 28–31, ECF No. 1.
[10] *Id.* at ¶ 28.

any alleged contract; and (3) Plaintiff fails to allege that he suffered any specific damages as a result of any breach by Lakeview.

Under Texas law, the essential elements of a breach of contract claim are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted). The elements of written and oral contracts are identical and must be present for the formation of a valid and binding contract. *Critchfield v. Smith*, 151 S.W.3d 225, 233 (Tex. App. 2004). The following elements are required for the formation of a contract: "1) an offer; 2) acceptance in strict compliance with the terms of the offer; 3) a meeting of the minds; 4) each party's consent to the terms; and 5) execution and delivery of the contract with the intent that it be mutual and binding." *Id.* "To prove a valid offer, a party must show that (1) the offeror intended to make an offer, (2) the terms of the offer were clear and definite, and (3) the offeror communicated the essential terms of the offer to the offeree." *Cano v. State Farm Mut. Auto. Ins. Co.*, 425 F. Supp. 3d 779, 790 (W.D. Tex. 2019) (citing *Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex. App. 2008, pet. denied)). "[U]nder Texas law, an offer must be definite and must be more than a mere invitation for an offer from another." *Cleary v. Am. Airlines, Inc.*, No. 4:21-CV-00184-O, 2022 WL 5320126, at *6 (N.D. Tex. July 22, 2022) (alteration in original) (quoting *QR Spex, Inc. v. Motorola, Inc.*, 507 F. Supp. 2d 650, 660 (E.D. Tex. 2007)).

In this case, the Court finds that Plaintiff fails to sufficiently plead his breach of contract claim. Specifically, Plaintiff fails to sufficiently plead that he and Lakeview contracted for Lakeview to refinance Plaintiff's home. Plaintiff contends that Lakeview reached out to him to

inform him that he was preapproved for a refinance of his home.[11] The Court finds that Lakeview's communications to Plaintiff did not constitute an offer, but rather, an invitation for Plaintiff to fill out an application to refinance. Because Plaintiff fails to allege this essential element of contract formation, his breach of contract claim necessarily fails. Accordingly, Plaintiff's breach of contract claim is **DISMISSED**.

### B. Negligence

Plaintiff secondly brings a negligence claim against both Defendants based on a theory of common law duty.[12] Defendants contend that Plaintiff's claim should be dismissed as the allegations are conclusory and fail to establish the elements for a negligence claim.[13]

"Under Texas law, the elements of a negligence claim are (1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach." *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 466 (5th Cir. 2003). Thus, "duty" is the threshold question in connection with any negligence claim. *In re Thrash*, 433 B.R. 585, 596 (Bankr. N.D. Tex. 2010) (citing *Pichardo v. Big Diamond, Inc.*, 215 S.W.3d 497 (Tex. App. 2007, no pet.)). If there is no existence and violation of a legal duty, then there can be no legal liability for negligence. *Id.* (citing *Alcoa, Inc. v. Behringer*, 235 S.W.3d 456, 459 (Tex. App. 2007, pet. denied)). And a "duty" is a legal obligation that requires a defendant to conform to a certain standard of conduct. *Id.* (citations omitted).

"[T]here is no special relationship between a mortgagor and a mortgagee, or between a servicer and a borrower, that would impose an independent common law duty on Defendant." *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 585 (N.D. Tex. 2013) (accepting findings and

---

[11] Pl.'s Orig. Pet. ¶ 2, ECF No. 1.
[12] *Id.* at ¶¶ 32–42.
[13] Defs.' Br. 5, ECF No. 5.

conclusions of the magistrate judge); *see also Fraley v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1060-N-BK, 2012 WL 779130, at *8 (N.D. Tex. Jan. 10, 2012), *report and recommendation adopted*, No. 3:11-CV-1060-N-BK, 2012 WL 779654 (N.D. Tex. Mar. 9, 2012) ("[A]s mortgagor, Defendants did not owe a legal duty to Plaintiff."). Defendants thus owe no common law legal duty of care to Plaintiff. Accordingly, Plaintiff's negligence claim should be, and is, **DISMISSED**.

### C. Fraud

Plaintiff next brings a fraud claim against Defendant Lakeview.[14] Under Texas law, to prevail on a fraud claim, a plaintiff must prove that: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Ebert v. Gustin*, No. 4:15-cv-00225-O, 2016 WL 11663163, at *12 (N.D. Tex. May 18, 2016), *reconsidered in part*, No. 4:15-cv-00225-O, 2016 WL 11663145 (N.D. Tex. Dec. 2, 2016) (partially granting and partially denying reconsideration on other grounds). Furthermore, under Federal Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To satisfy the particularity standard of Rule 9(b), a plaintiff generally must "plead the time, place, and contents of the false representation and the identity of the person making the representation." *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 260 (5th Cir. 2014) (citing *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir.

---

[14] Pl.'s Orig. Pet. ¶¶ 43–49, ECF No. 1.

2009)). "Knowledge need not be pled with particularity under Rule 9(b); it need only be pled plausibly pursuant to Rule 8." *Id.* (citing Fed. R. Civ. P. 9(b) and *Iqbal*, 556 U.S. at 686–87).

In this case, the Court finds that Plaintiff fails to sufficiently plead his fraud claim. First, Plaintiff fails to specify the material representation made. Plaintiff states that the misrepresentation is either (1) that he was pre-approved based on his payment history, or (2) that he was denied the refinance based on his payment history.[15] Plaintiff fails to plead who specifically made the alleged material misrepresentation, much less that the speaker knew the statement was false or made it recklessly without any knowledge of the truth and as a positive assertion. Accordingly, Plaintiff's fraud claim is **DISMISSED**.

### D. Fraud by Nondisclosure

Plaintiff brings a claim for fraud by nondisclosure against Defendant Lakeview.[16] Under Texas law, fraud by non-disclosure is a sub-category of fraud wherein non-disclosure of material information may be just as misleading as an affirmative misrepresentation of facts. *See Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997). To establish fraud by non-disclosure under Texas law, a plaintiff must prove:

> (1) the defendant deliberately failed to disclose material facts; (2) the defendant had a duty to disclose such facts to the plaintiff; (3) the plaintiff was ignorant of the facts and did not have an equal opportunity to discover them; (4) the defendant intended the plaintiff to act or refrain from acting based on the nondisclosure; and (5) the plaintiff relied on the nondisclosure, which resulted in injury.

*CBE Grp., Inc. v. Lexington Law Firm*, 993 F.3d 346, 353 (5th Cir. 2021) (cleaned up) (quoting *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 219–20 (Tex. 2019)). "In general, there is no duty to disclose without evidence of a confidential or fiduciary

---

[15] Pl.'s Orig. Pet. ¶ 47, ECF No. 1.
[16] *Id.* at ¶¶ 50–55.

relationship. But there may be a duty to disclose when the defendant made a partial disclosure that created a false impression." *Id.*

Plaintiff claims that Defendant Lakeview failed to disclose that it had not in fact approved Plaintiff for refinancing, nor that it was anticipating a rise in interest rates which would likely lead to a denial of the refinancing agreement stipulated between the parties prior to the denial.[17] The Court finds that Defendant did not clearly move to dismiss Plaintiff's fraud by nondisclosure claim.[18] Therefore, any motion to dismiss such claim is **DENIED**.

### E. RESPA Claim

Plaintiff lastly brings a claim under the Real Estate Settlement Procedures Act ("RESPA").[19] RESPA requires a loan servicer to provide written responses to certain written requests by borrowers. 12 U.S.C. § 2605(e). A lender or loan servicer who fails to comply with § 2605 may be liable for "any actual damages to the borrower as a result of the failure." *Id.* § 2605(f)(1)(A). Therefore, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege actual damages resulting from a violation of § 2605. *Williams v. Wells Fargo Bank, N.A.*, No. 4:18-cv-00564-O, 2018 WL 6181649, at *4 (N.D. Tex. Nov. 27, 2018) (citing *Akintunji v. Chase Home Finance, L.L.C.*, No. H–11–389, 2011 WL 2470709, at *2 (S.D. Tex. June 20, 2011)); *see also Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014) ("To recover, a claimant must show that actual damages resulted from a RESPA violation."). Further, "[t]o show damages, there must be a causal connection between the RESPA violation and actual

---

[17] Pl.'s Orig. Pet. ¶ 53, ECF No. 1.
[18] Other than the fact Defendants stated they were moving to dismiss all of Plaintiff's claims, it is unclear to the Court in reading Defendants' briefing whether Defendants moved to dismiss the fraud by nondisclosure claim. *See generally* Defs.' Br., ECF No. 5.
[19] Pl.'s Orig. Pet. ¶¶ 56–62, ECF No. 1.

damages." *Meeks v. Wells Fargo Bank*, No. 4-17-cv-731-A, 2018 WL 472821, at *2 (N.D. Tex. Jan. 18, 2018).

> Courts have interpreted "actual damages" under § 6(f) to include, *inter alia*:
>
> (1) out-of-pocket expenses incurred dealing with the RESPA violation including expenses for preparing, photocopying and obtaining certified copies of correspondence, (2) lost time and inconvenience, such as time spent away from employment while preparing correspondence to the loan servicer, to the extent it resulted in actual pecuniary loss[,] (3) late fees and (4) denial of credit or denial of access to full amount of credit line.

*Williams*, 2018 WL 6181649, at *4 (alteration in original) (quoting *Ruiz v. PennyMac Loan Servs., LLC*, No. 3:18-cv-1544-D, 2018 WL 4772410, at *3 (N.D. Tex. Oct. 3, 2018)). A well-pleaded claim under § 6(f) should therefore allege facts showing not only that the plaintiff suffered damages, but also that those damages were incurred "as a result of the failure" of the lender to comply with the statute or regulations. *Id.* (quoting 12 U.S.C. § 2605(f)(1)(A)).

Here, Plaintiff states that when he received the denial from Defendant Lakeview, "he requested information related to a RESPA request."[20] He alleges Lakeview's response to this request was ultimately deficient as the Plaintiff did not receive a payment history for his home loan account.[21] He contends that Defendant Lakeview violated RESPA by not fully complying with the RESPA request and supplying a life of the loan payment history for the account.[22] Plaintiff's purported damages include the postage costs for mailing the RESPA requests to Lakeview.[23] Defendants contend that Plaintiff fails to allege which specific provision of RESPA was allegedly violated and fails to allege any actual damages resulting from a RESPA violation.[24]

---

[20] Pl.'s Orig. Pet. ¶ 58, ECF No. 1.
[21] *Id.* at ¶ 59.
[22] *Id.* at ¶ 62.
[23] *Id.* at ¶ 61.
[24] Defs.' Br. 9–10, ECF No. 5.

The Court finds that Plaintiff's RESPA claim is insufficiently pled. The cost of mailing the RESPA request to Lakeview does not constitute "actual damages" under RESPA. RESPA limits the recovery of actual damages to those that *result* from a failure to comply with the statute, and the costs allegedly incurred by Plaintiff in mailing the RESPA request to Lakeview were necessarily incurred *before* the alleged RESPA violation (i.e., Lakeview not responding sufficiently to Plaintiff's request). *See Steele v. Quantum Servicing Corp.*, No. 3:12-CV-2897-L, 2013 WL 3196544, at *8 (N.D. Tex. June 25, 2013) (finding that the cost of preparing a RESPA request does not satisfy the requirement of actual damages). Therefore, Plaintiff fails to allege "actual damages" under RESPA, and his RESPA claim must be **DISMISSED**.

### IV.     Leave to Amend

In his response to Defendants' motion, Plaintiff requests leave to amend his complaint to include claims of promissory estoppel against Defendant Lakeview, or alternatively, to amend his complaint to address issues related to the Defendants' motion to dismiss on all of Plaintiff's claims.[25]

The Fifth Circuit has held that unless there is a "substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 872 (5th Cir. 2000) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). It is within the district court's discretion to deny a motion to amend if it is futile. *Id.* at 872–73. Futility in this context means that "the amended complaint would fail to state a claim upon which relief could be granted." *Id.* at 873.

As an initial note, the Court highlights that Plaintiff's response, containing his request for leave to amend, omits any discussion of Plaintiff's claims for negligence or fraud.[26] Therefore, the

---

[25] Pl.'s Br. 9, ECF No. 8.
[26] *See generally* Pl.'s Br., ECF No. 8.

Court declines to grant Plaintiff leave to amend these claims. The Court also finds any attempt to amend these claims would be futile. Therefore, Plaintiff's claims for negligence and fraud are **DISMISSED with prejudice**. The Court further finds that any attempt to amend Plaintiff's RESPA claim would be futile. Therefore, Plaintiff's RESPA claim is **DISMISSED with prejudice**.

In Plaintiff's response, instead of requesting leave to amend his breach of contract claim, Plaintiff seeks leave to allege a claim of promissory estoppel or "assert other claims to defend his right to remedy under Texas contract law."[27] The Court further finds that any attempt to amend would be futile. Therefore, Plaintiff's breach of contract claim is **DISMISSED with prejudice**. The question then is whether granting Plaintiff leave to allege a claim of promissory estoppel would be futile.

Under Texas law, "[t]he requisites of promissory estoppel are: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." *MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 977 (5th Cir. 2014) (quoting *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)). "The burden of proving all the essential elements of promissory estoppel is on the party asserting the doctrine." *Id.* (citing *Concord Oil Co. v. Alco Oil & Gas Corp.*, 387 S.W.2d 635, 639 (Tex. 1965)). "In a claim for promissory estoppel, only reliance damages are allowed." *Id.* at 977–78 (quoting *Cent. Tex. Micrographics v. Leal*, 908 S.W.2d 292, 298 (Tex. App. 1995, no writ)). "Reliance damages seek to put the injured party in the position that he or she would have been in had he not relied on the promise." *Id.* at 978.

---

[27] *Id.* at ¶ 22.

The Court finds that granting Plaintiff leave to amend to bring a promissory estoppel claim would not be futile. Accordingly, Plaintiff's request for leave to amend to bring a promissory estoppel claim is hereby **GRANTED**.

## V.     Conclusion

Accordingly, Plaintiff's claims for breach of contract, negligence, fraud, and violations of RESPA are hereby **DISMISSED with prejudice**. The sole remaining claim is Plaintiff's fraud by nondisclosure claim. Plaintiff's motion for leave to amend to bring a promissory estoppel claim is hereby **GRANTED**. Plaintiff must file any amended pleading on or before **May 24, 2023**.

**SO ORDERED** on this **3rd day of May, 2023.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE