IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PHILLIP HILL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No.  4:22-cv-01069-O |
| § | |
| LAKEVIEW LOAN SERVICING, LLC, § | |
| et al., § | |
| § | |
| Defendants. § | |

## ORDER AND OPINION

Before the Court are Defendants Lakeview Loan Servicing, LLC and LoanCare's Motion to Dismiss (ECF No. 16) and Brief in Support (ECF No. 17), filed June 5, 2023; Plaintiff Phillip Hill's Response (ECF No. 18) and Brief in Support (ECF No. 19), filed June 22, 2023; and Defendants' Reply (ECF No. 20), filed July 6, 2023. For the reasons contained herein, the Motion is hereby **GRANTED.**

## I. FACTUAL BACKGROUND[1]

Plaintiff Phillip Hill brings this lawsuit against Defendants Lakeview Loan Servicing, LLC and LoanCare ("Defendants"). LoanCare was the original servicer of Plaintiff's home loan, and Lakeview was the original mortgage holder.

Sometime in August of 2021, Lakeview contacted Plaintiff and offered to refinance Plaintiff's home. Purportedly, Lakeview stated that Plaintiff was preapproved for the refinancing based on his payment history, and that, therefore, they could refinance Plaintiff's home loan to

---

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiff's First Amended Petition. *See* Pl.'s First Am. Pet., ECF No. 15. At this stage, these facts are taken as true and viewed in the light most favorable to the plaintiff. *See Sonnier v. State Farm Mut. Auto. Ins*., 509 F.3d 673, 675 (5th Cir. 2007).

lower the interest rate to 2.5%. Plaintiff's interest rate at the time was 3%, so this was a 0.5% decrease.

During the final stages of the refinancing process, Plaintiff was told that Lakeview would be using Plaintiff's payment history on the loan (as provided by LoanCare), and not his credit score, to determine his eligibility for obtaining the refinance. Plaintiff's refinancing application was then denied, with Lakeview pointing to LoanCare's payment history for Plaintiff as the reason for the denial.

Months prior to Plaintiff submitting his refinancing application, Plaintiff noticed some discrepancies on his loan payment history. He states he confronted Lakeview and LoanCare to cure the misapplied payments on his mortgage account. Plaintiff made bi-weekly or installment payments, which would total the entire monthly mortgage statement for each respective month. Plaintiff states that LoanCare's system misapplied Plaintiff's payments—many times marking them for principal—and showing either late or non-payment on Plaintiff's account.

Plaintiff contacted one of LoanCare's representatives to explain the situation. The representative explained that LoanCare's system was ill-equipped to handle how Plaintiff was making his payments. To fix the problem, Plaintiff began making full payments each month, rather than the bi-weekly installments. However, Plaintiff's payments then started being reported as late, although Plaintiff avers that nothing in his payment history shows him ever being late or missing a payment. According to Plaintiff, these reporting errors resulted in his refinancing application being denied. Plaintiff brought these errors to Lakeview's attention when the application was denied, but purportedly both Defendants argued that if any mistakes occurred, it was the other's fault and that there was nothing that could be done.

As a result of Defendants' application denial and the corresponding delay, Plaintiff states he was "out of options" to refinance his loan, which would have saved him thousands of dollars.[2] Plaintiff then hired Herrin Law, PLLC to draft and send a Qualified Written Request ("QWR") to Defendants. Within the QWR, counsel for Plaintiff asked for payment history and other information concerning the mortgage loan. Counsel further directed the Defendants to the error on the misapplication of payments and outlined the reasons for the denial of Plaintiff's refinancing application. On April 11, 2022, LoanCare sent a response to the QWR stating: "We have no record of reporting the account delinquent since the account has been under our case. The account reflects current and next due for the May 1, 2022 payment."[3]

Plaintiff filed the present lawsuit in the 17th District Court of Tarrant County, Texas on October 28, 2022.[4] Defendants removed the lawsuit to federal court on December 2, 2022.[5] On May 3, 2023, the Court dismissed with prejudice Plaintiff's claims for breach of contract, negligence, fraud, and violations of RESPA, but granted Plaintiff leave to bring (1) a fraud by non-disclosure claim and (2) a promissory estoppel claim, which are the issues now before the Court.[6] Plaintiff filed his First Amended Petition on May 23, 2023.[7] Defendants filed their Motion to Dismiss on June 5, 2023.[8] Plaintiff filed his response on June 22, 2023.[9] Defendants filed their reply on July 6, 2023.[10] The motion is now ripe for the Court's review.

---

[2] Plaintiff states that other mortgage lenders were willing to refinance Plaintiff's home loan for the same 2.5% interest rate. Pl.'s First Am. Pet. 6, ECF No. 15.
[3] In the facts, Plaintiff does not specify whether Lakeview responded to his QWR. *See id.* 2–7.
[4] Notice of Removal 6–19, ECF No. 1 (including Plaintiff's Original Petition as Exhibit 1).
[5] *Id.* at 1–3.
[6] Op. & Order 13, ECF No. 14.
[7] Pl.'s First Am. Pet., ECF No. 15.
[8] Defs.' Mot. to Dismiss, ECF No. 16; Defs.' Brief in Support of Mot. to Dismiss, ECF No. 17.
[9] Pl.'s Resp. to Defs.' Mot to Dismiss, ECF No. 18; Pl.'s Brief in Support of Resp. to Defs.' Mot. to Dismiss, ECF No. 19.
[10] Defs.' Reply in Support of Mot. to Dismiss, ECF No. 20.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (cleaned up). A court may not accept legal conclusions as true. *Id.* at 678–79. When well-pleaded factual allegations are present, a court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## III. ANALYSIS

### A. Fraud by Non-disclosure

Under Texas law, fraud by non-disclosure is a sub-category of fraud wherein non-disclosure of material information may be just as misleading as an affirmative misrepresentation of facts. *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997). To establish fraud by non-disclosure under Texas law, a plaintiff must prove:

> (1) the defendant deliberately failed to disclose material facts; (2) the defendant had a duty to disclose such facts to the plaintiff; (3) the plaintiff was ignorant of the facts and did not have an equal opportunity to discover them; (4) the defendant intended the plaintiff to act or refrain from acting based on the nondisclosure; and (5) the plaintiff relied on the nondisclosure, which resulted in injury.

*CBE Grp., Inc. v. Lexington L. Firm*, 993 F.3d 346, 353 (5th Cir. 2021) (quoting *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 219–20 (Tex. 2019)) (cleaned up). While "there is no duty to disclose without evidence of a confidential or fiduciary relationship" in general, "there may be a duty to disclose when the defendant made a partial disclosure that created a false impression." *Id.* (cleaned up).

In this case, the Court finds that Plaintiff fails to sufficiently plead his fraud by non-disclosure claim. Specifically, Plaintiff fails to plead that Lakeview deliberately failed to disclose material facts. Plaintiff contends Lakeview failed to disclose that it had not approved Plaintiff for refinancing, nor that it anticipated a rise in interest rates.[11] The Court finds that these communications do not constitute a failure to disclose material facts. Indeed, Lakeview told Plaintiff that it would be checking his payment history as a part of the refinancing process.[12] And it disclosed to Plaintiff that his payment history was the reason his refinancing was denied.[13] Therefore, Defendants' Motion to Dismiss this claim is **GRANTED**.

### B. Promissory Estoppel

Under Texas law, "'[t]he requisites of promissory estoppel are: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment.'" *MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 977 (5th Cir. 2014) (quoting *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)). "The burden of proving all the essential elements of promissory estoppel is on the party asserting the doctrine." *Id.* (citing *Concord Oil Co. v. Alco Oil & Gas Corp.*, 387 S.W.2d 635, 639 (Tex. 1965)). "'In a claim for promissory estoppel, only reliance damages are allowed.'" *Id.* at 977–78 (quoting *Cent. Tex.*

---

[11] Pl.'s First Am. Pet. 8, ECF No. 15.
[12] *Id.* at 3.
[13] *Id.*

*Micrographics v. Leal*, 908 S.W.2d 292, 298 (Tex. App.—San Antonio 1995, no writ)). "Reliance damages seek to put the injured party in the position that he or she would have been in had he not relied on the promise." *Id.* at 978.

In this case, the Court finds that Plaintiff fails to sufficiently plead his promissory estoppel claim. Plaintiff alleges Lakeview did not refinance his mortgage as promised. But Lakeview never promised to refinance Plaintiff's loan. In August 2021, Lakeview preapproved a refinancing of Plaintiff's home.[14] However, the refinancing required Plaintiff to submit paperwork and pass a payment history check.[15] Because there was no promise to refinance Plaintiff's home, Lakeview could not have failed to refinance Plaintiff's loan as promised. Therefore, Plaintiff's promissory estoppel claim lacks an adequate basis in law. Accordingly, Defendants' Motion to Dismiss this claim is hereby **GRANTED**.

## IV. Conclusion

For the reasons stated above, Plaintiff's claims for fraud by non-disclosure and promissory estoppel are hereby **DISMISSED with prejudice**.

**SO ORDERED** on this **17th day of October, 2023.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[14] *Id.* at 2.
[15] *Id.* at 3.